**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROSEANN C.,                              )    Case No. 5:24-cv-01547-SP
                                         )
                Plaintiff,               )
                                         )
         v.                              )    **MEMORANDUM OPINION AND**
                                         )    **ORDER**
FRANK BISIGNANO,                         )
Commissioner of Social Security          )
Administration,                          )
                                         )
                Defendant.               )
                                         )
_____         )

**I.**

**INTRODUCTION**

On July 25, 2024, plaintiff Roseann C. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter in dispute, and the court deems the matter suitable for adjudication without oral argument.

The parties here agree that the administrative law judge ("ALJ") erred in evaluating the medical evidence. But a dispute remains: whether to remand for further proceedings or reverse and award benefits. *See* Plaintiff's Amended Brief ("P. Mem.") at

1

8-9; Commissioner's Responsive Brief and Motion for Voluntary Remand for Further Proceedings ("D. Mem.") at 1-7; Plaintiff's Reply at 2-6.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the ALJ's decision, the court concludes that, as detailed herein, the conditions of the credit-as-true rule are not met. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 52 years old on her alleged onset date. AR at 79. Plaintiff is a high school graduate and has past relevant work as an accounts receivable clerk. AR at 57, 234, 683.

On November 21, 2019, plaintiff filed an application for a period of disability and DIB, alleging on onset date of November 1, 2018 due to degenerative bilateral arthritis, degenerative lumbar disease, left lumbar radiculopathy, severe pain, and a sleeping disorder. AR at 79. The application was denied initially and upon reconsideration, after which plaintiff filed a request for hearing. AR at 102-05, 108-14.

On December 15, 2020, plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. AR at 51-78. The ALJ also heard testimony from a vocational expert, Jackie Bethell. AR at 70-75. On February 11, 2021, the ALJ denied plaintiff's claim for benefits. AR at 39-46. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on January 10, 2022. AR at 1-4.

On February 18, 2022, plaintiff filed a complaint in this court seeking review, in what became case number 5:22-cv-00326. AR at 718. The parties filed a stipulation to remand on July 7, 2022, and the court ordered the case remanded on July 11, 2022. AR at 719.

On February 13, 2024, plaintiff appeared and testified at a hearing before a different ALJ, and also requested to amend her application to a closed period of

2

disability.  AR at 666-87.  The ALJ also heard testimony from Dr. Kwock, a medical expert, and Dr. Luis Masa, a vocational expert.  AR at 671-76, 683-85.

In her decision, the ALJ denied plaintiff's request for a closed period of disability from November 1, 2018 through March 27, 2022, finding there was no evidence of significant improvement in plaintiff's condition and pain.  AR at 646; *see* AR at 653.

Then, applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that there had been a continuous 12-month period or periods when plaintiff did not engage in substantial gainful activity; however, plaintiff had engaged in substantial gainful activity from April 1, 2022 to December 31, 2023.  AR at 649.

At step two, the ALJ found plaintiff suffered from the following severe impairments: degenerative joint disease and degenerative disc disease of the lumbar spine; status post left total hip arthroplasty; status post bilateral knee replacements; obesity; and left ankle arthritis.  *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1.  AR at 650.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"), and determined plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with limitations.  AR at 650-51.  Plaintiff could: occasionally push, pull, and operate pedals and foot controls with the bilateral lower extremities; never climb ladders, ropes, or scaffolds; never crouch; occasionally climb ramps or stairs; and occasionally balance, stoop, kneel, or crawl.  *Id.*  The ALJ precluded plaintiff from concentrated exposure to extreme cold and any exposure to unprotected heights, or moving or heavy machinery.  AR at 651.  The ALJ also determined plaintiff required a hand-held device only for walking on uneven terrain or greater than 10 yards.  *Id.*

The ALJ found, at step four, that plaintiff was able to perform her past relevant work as an accounts receivable clerk.  AR at 656.  Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act.  *Id.*

Plaintiff did not file a request for review with the Appeals Council. *See* P. Mem. at 2-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## DISCUSSION

Both parties agree that the ALJ erred in evaluating the objective medical evidence, which formed a reason for the ALJ to reject plaintiff's subjective symptom testimony. The question is whether the court should remand the case for further proceedings or reverse the decision and award benefits.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Typically, in accordance with the "ordinary remand rule," the reviewing court will remand to the Commissioner for additional investigation or explanation upon finding error by the ALJ. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). Nonetheless, it is appropriate for the court to exercise its discretion to direct an immediate award of benefits where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; (2) there are no outstanding issues that must be resolved and further administrative proceedings would be not be useful; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with instructions to calculate and award benefits); *Treichler*, 775 F.3d at 1100-01. This three-prong test is known as the credit-as-true standard. But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Even when all of the conditions of the credit-as-true standard are met, the court still has the discretion to remand. *Garrison*, 759 F.3d at 1021 (the credit-as true test is not necessarily dispositive of the remand question). The credit-as true test envisions "some flexibility," which is "properly understood as requiring courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.*; *Treichler*, 775 F.3d at 1101-02.

Here, plaintiff argues that the conditions of the credit-as-true rule are met such that plaintiff's testimony should be credited. If so, plaintiff contends, then pursuant to the testimony of the vocational expert, it would be established that plaintiff would be off-task 20% of the workday and miss more than two days of work, which would mean she would be unable to engage in substantial gainful activity. P. Mem. at 9; Reply at 5.

As an initial matter, plaintiff's contention that the court should award benefits is based on the incorrect assertion that her application is for a closed period of disability between November 1, 2018 through March 1, 2022. P. Mem. at 2. The ALJ expressly denied plaintiff's request to amend her application to a disability for a closed period, finding there was no evidence of significant medical improvement. AR at 646, 653. Rather than raise the ALJ's denial of her request for a closed period of disability as a disputed issue for review, plaintiff simply ignores the denial and proceeds as if the ALJ denied an application for a closed period of disability instead of an application for an open period of disability.[1] Plaintiff therefore forfeits the argument. The decision whether to remand or award benefits here is based on an examination of the record in its entirety and is not limited to the records from the rejected closed period. Here, the record indicates the conditions of the credit-as-true rule are not met.

---

[1] Liberally construing the memoranda, plaintiff indirectly argues that her testimony that her symptoms improved in March 2022 should be credited as true and the court should award for a closed period between November 1, 2018 through March 1, 2022.

First, both parties agree the ALJ erred when she considered objective evidence belonging to a third party.  Specifically, the ALJ considered and discussed a third party's left hip x-ray that was inadvertently included in the administrative record.[2]  *See* AR at 324, 652-53, 671, 673.  The ALJ also stated plaintiff had hip pain, but examinations revealed full range of motion of her hip.  AR at 652; *see* AR at 1151.  In reaching her RFC determination, the ALJ discussed the hip x-ray and discounted plaintiff's testimony, in part, because it was not supported by the objective medical evidence, including the hip x-ray.  *See* AR at 652-53.  Because the hip x-ray did not belong to plaintiff, the ALJ's consideration of the left hip x-ray was erroneous.[3]

The second prong of the credit-as-true standard is not satisfied.  Here, there are outstanding issues to resolve and further administrative proceedings would be useful.  A reevaluation of the applicable medical evidence without the third-party evidence would establish the extent to which a new RFC determination is required and whether the ALJ's remaining reasons for discounting plaintiff's testimony were sufficient.  The ALJ cited

---

[2]    Plaintiff also notes Dr. Kwock and the state agency physicians considered the third party's left hip x-ray in their assessments.  P. Mem. at 7.  Dr. Kwock discussed the third party hip x-ray (AR at 673), but the ALJ found Dr. Kwock's less restrictive standing and walking limitations – which were, in part, based on the hip x-ray – to be not fully supported by the evidence.  AR at 655.  Similarly, Dr. F. Greene considered the x-ray, but the ALJ found the opinion not persuasive.  *Id.*  And Dr. Gideon H. Lowell did not mention the x-ray in his findings of fact and analysis of evidence.  *See* AR at 94-95.  The x-ray has now been removed from the administrative record.  *See* docket no. 24.

[3]    Because both parties accept this error as dispositive of the first step, the court proceeds to the other prongs of the credit-as-true analysis.  Nevertheless, the court notes it is at least arguable whether the first prong is met.  Although the ALJ improperly included the left hip x-ray in her consideration, the ALJ's error may be harmless since she cites other inconsistent objective evidence and provides other sufficient reasons for discounting plaintiff's testimony as discussed below.  *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (error was harmless when the ALJ provided other legally sufficient reasons for discounting testimony).  Moreover, the ALJ's error is based on her consideration of a single x-ray of a hip status-post arthroplasty, but plaintiff did not complain of hip pain.  *See* AR at 653.

6

other reasons for discounting plaintiff's testimony, none of which is disputed by plaintiff here. The ALJ noted plaintiff's allegations regarding her back and lower extremity pain were inconsistent with the objective evidence; the treatment notes showed plaintiff only sometimes required a cane to ambulate; and she was able to return to work full time full time without significant accommodations. *See* AR at 653; *see also* AR at 649. Regarding plaintiff's present ability to work, the ALJ found this was inconsistent with plaintiff's testimony that she could only sit a maximum of four hours a day, for 40 minutes at a time. *See id.* The ALJ acknowledged plaintiff reported improvement in her condition, but found that neither her clinical findings nor her subjective complaints post-surgeries indicated significant medical improvement. *See id.* Given all of the uncontested reasons cited for discounting plaintiff's testimony, it remains unclear whether the exclusion of the hip x-ray affects the ALJ's overall analysis of plaintiff's subjective testimony and would result in a different RFC assessment.

Third, it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated. Plaintiff testifies her pain would require her to be off task and miss work, but plaintiff began working full time in March 2022 without significant accommodations. AR at 974.

In short, the record, as a whole, creates doubt as to whether plaintiff is, in fact, disabled, even if only a closed period of disability were at issue. Accordingly, remand for further proceedings is warranted here.

On remand, the ALJ shall reevaluate the objective medical evidence and reconsider plaintiff's subjective testimony. The ALJ shall then reassess plaintiff's RFC and proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

//

//

7

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: March 30, 2026



SHERI PYM
United States Magistrate Judge

8